UNITED STATES OF AMERICA
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER KERRY ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV1920-SNL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

"A jury convicted Walter Kerry Robertson of one count of possession with intent to distribute over five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Robertson to 180 months imprisonment to be followed by eight years supervised release." U.S. v. Robertson, 387 F.3d 702, 703 (8th Cir. 2004). The Court of Appeals affirmed the decision of the District Court. U.S. v. Robertson, supra.

Robertson has filed "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody." The government has responded, and Robertson has traversed the government's response.

**Standard of Review**

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v.

Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The standard has been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id.; *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair').

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo at 925.

Failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998). United States v. Villalobos, 2004 WL 2202666 (N.D. Ia.), United States v. Trotter, 2002 WL 827416

(D. Neb.), United States v. Knakmuhs, 2000 WL 34031866 (N.D. Ia.) See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005). A defendant may surmount this procedural default only if the defendant "can show both (1) cause that excuses the default and (2) actual prejudice from the errors asserted." Matthews, 114 F.3d at 113.

## Robertson's § 2255 Grounds

In Ground 1, Robertson avers that his Sixth Amendment right to counsel was violated when counsel failed to demonstrate to the District Court and the jury exculpatory evidence, failed to communicate with Robertson, failed to prepare and investigate and failed to subject government's case to a meaningful adversarial testing.

Robertson is procedurally defaulted in asserting this issue as he failed to raise the issue on direct appeal and the ground should be ruled against him on the merits as well.

On appeal, the only assignment of error was that the District Court abused its discretion by permitting two police detectives to testify as experts on drug trafficking. Robertson, 387 F.3d at 704. Robertson has not surmounted this procedural default as he has not shown cause that excuses the default and actual prejudice from the errors asserted. Matthews, 114 F.3d at 113.

As to the merits of the claim, Robertson first asserts his "actual innocence." In making this assertion, Robertson suggests that his counsel performed in a way that was not helpful and failed to do some things that might have been helpful.

It is quite easy after the fact to judge the performance of counsel. For illustration, Robertson suggests that his counsel should have asserted more vigorously that Robertson's jacket pocket was too small "for a gun and dope to fit." He acknowledges the issue was addressed in closing argument, but not with enough vigor. This type of argument is without merit. The

3

argument was made, the jury was aware of the assertion and chose, apparently, to disregard it or at least to give it little weight.

Attached to the government's response is the affidavit of Robertson's trial counsel in which he sets out everything that was done in an attempt to properly represent Robertson, and the Court is not required to judge a shouting match between Robertson and trial counsel. In any event, there was ample evidence for the jury to reach its verdict, and to disbelieve "actual innocence."

Robertson next asserts that he was unable to communicate with his trial counsel. All of these arguments are met in trial counsel's affidavit. In this assertion, Robertson suggests that his counsel failed to present exculpatory evidence and failed to argue more carefully before the Court Robertson's request for new counsel. Yet, Robertson fails to show what exculpatory evidence he was referring to, and how that might have helped him had it been presented to the jury.

It is certainly not counsel's fault where the Court refuses to appoint new counsel. If the Court abused its discretion in that area, it should have been presented to the Court on appeal and the Court's abuse of discretion, if any, again cannot be attributed to any unpreparedness of counsel.

Next, Robertson states that his counsel did not keep him informed. Yet, counsel, in his affidavit, sets out with particularity the communication that he had up to and including trial. Other than his bald statement, there is nothing to suggest that Robertson was not fully informed throughout discovery, trial and appeal.

Robertson next urges that counsel did not engage in specific enough discovery to be prepared for trial. For illustration, Robertson states that had his counsel subpoenaed Officer Carl

4

Dulay's cell phone records, it would have been revealed there was never any call made by a confidential informant. There simply is nothing in the record to support this assertion and it amounts to nothing more than speculation and conjecture.

Robertson also asserts that his counsel should have subpoenaed a surveillance camera; yet, there is nothing in the record to show that there was a surveillance camera. In fact, trial counsel's affidavit states that his investigator attempted to find a surveillance camera and was unable to locate any.

Robertson also asserts that his counsel was not prepared in that he did not use police reports to impeach the testimony of officers appearing for the government. In support of this position, Robertson quotes from page 49, 78 and 79 of the transcript; yet, Robertson does not set out what the failure of his counsel was with respect to impeachment in these areas. Robertson, as a lay person, has not impressed this Court with his version as to how counsel should have conducted so-called impeachment.

Next, Robertson argues that his counsel was inadequate in failing properly to object to the admission of evidence of a prior conviction pursuant to Federal Rules of Evidence, § 404(b). Counsel for Robertson did object to the 404(b) evidence at trial, but the Court overruled the objection and gave a cautionary instruction to the jury as to how to consider this type of evidence. At the time, the Court examined the requisites for the presentation of 404(b) evidence and determined that it was not error to receive evidence of Robertson's prior conviction, particularly when the jury was properly instructed as to how to consider that evidence. This issue was not raised on appeal, and as his counsel made the proper objection during trial, which was overruled, he cannot be faulted for failure to take further action in this area.

Robertson has not established prejudice by showing that there was a reasonable probability that, but for counsel's unprofessional errors, if any, the result of the proceeding would have been different.

**Ground Two**

Robertson asserts that he was deprived of his constitutional Fifth Amendment and Fourteenth Amendment rights to a fair trial and his Sixth Amendment right to effective assistance of counsel when the District Court denied his request for new counsel without a proper inquiry.

This assertion is also a part of Ground One, and has been addressed earlier. The fact that Robertson requested new counsel and the Court refused the request is not violative of his constitutional rights, as alleged.

The request for substitution of counsel was first made the morning of trial. In his memorandum, Robertson quotes from the Court's finding. "Now Mr. Witherspoon has been a professional defense attorney for years. He has tried numerous cases in my Court. I found him to be competent and reliable and always interested in the best interests of his clients." Tr. 4. "As I indicated, counsel is a very experienced, good trial lawyer who spends all of his time in criminal defense work so he knows what he is doing." Tr. 11.

Robertson avers that the Court did not make an adequate inquiry as to why he requested substitute counsel, and did not consider conflicts between Robertson and his counsel. By the Court's own statement, it was obvious that counsel's reputation enabled him to provide an adequate defense for Robertson. Had the Court sustained the defendant's request on the morning of trial, when a jury had been called and was prepared to hear the case and when all of the parties were ready, it would have been a severe waste of judicial resources. It is not a deprivation of

6

Robertson's rights to halt the proceedings on his whim of failure to communicate adequately with his counsel. Even so, Robertson has not shown how the failure to appoint new counsel would have changed the proceedings in any way.

### **Ground Three**

Robertson asserts that under "Booker" his sentence is illegally enhanced on the basis of judicially determined facts and that Booker is retroactively applicable to his § 2255 motion.

Apparently, Robertson is asserting the Apprendi, Blakeley, Booker argument.[1] This argument should be ruled against Robertson.

In United States v. Moss, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to Blakeley, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakeley from being applied retroactively in this case. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Ibid at 2523.

Before the case was tried, the government filed an enhancement information under 21 U.S.C. § 851. The statute therefore required a mandatory minimum sentence of 10 years on Count 1 and a five-year consecutive sentence on Count 2. At this stage, there has been no judicial pronouncement that mandatory minimum sentences are unconstitutional.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakeley v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**Ground Four**

Robertson urges counsel was ineffective in failing to check when the District Court "double counted" because he received a consecutive sentence for his conviction on Count 2 and a two-level enhancement for possession of a firearm in the calculation of his total offense level.

Again, this argument is a reiteration of the argument in Ground Three. The mandatory minimum sentence of 10 years for Count 1 and the five-year consecutive sentence on Count 2 is statutory. The assessment of two levels for possession of a firearm in the calculation of the total offense level does not affect the statutory requirements. Counsel's failure to object to the two level enhancement did not affect Robertson's ultimate sentence.

The record reveals that the total offense level was 120 to 121 months. Even if Robertson had not received a two-level enhancement for possession of a firearm, the calculation of the total offense level would still have been the same. It would have been fruitless for Robertson's counsel to make this argument due to mandatory 120 month sentence required by statute as to Count 1.

Finally, Robertson asserts that he should be entitled to an evidentiary hearing to consider his claims in the § 2255 motion. A court may dismiss a § 2255 claim without an evidentiary hearing is the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. Shaw v. U.S., 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255), Blankenship v. U.S., 159 F.3d 336, 337 (8th Cir. 1998). See also Coleman v. U.S., 205 WL 3021104 (E.D. Mo.) (2005). This Court finds that the record affirmatively refutes the factual assertions upon which Robertson's § 2255 motion is made and accordingly, an evidentiary hearing is not required.

Robertson has not shown that the performance of his trial counsel fell below an objective

standard of reasonableness, nor has he shown there is a reasonable probability that, but for his trial counsel's unprofessional errors, if any, the result of the proceeding would have been different. Accordingly, his § 2255 should be denied.

Dated this 30th day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE